IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 21-372 |
| | ) |
| ANTHONY PORTIS JR. | ) |

## MEMORANDUM ORDER

Presently before the Court is Defendant Anthony Portis, Jr.'s Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(C)(2).  ECF No. 59.  The government opposes Mr. Portis's Motion, relying, in part, on the parties' plea agreement in which Mr. Portis agreed that if the sentencing guidelines were lowered, he would not file a motion pursuant to 18 U.S.C. § 3582(C)(2) seeking a reduced sentence.  ECF No. 61.

The parties entered into a plea agreement pursuant to Federal Rule of Civil Procedure 11(c)(1)(C).  Plea Agr., Aug. 20, 2021.  The parties agreed that the appropriate term of imprisonment was 36 months.  Plea Agr., ¶ C.6.  In addition, Mr. Portis agreed that he would "not file a motion seeking relief under 18 U.S.C. § 3582(c)(2) if the Sentencing Guidelines are subsequently lowered by the Sentencing Commission.  *Id.*  Mr. Portis is bound by the plain language of his plea agreement, which prohibits him from filing the instant Motion.  Therefore, his Motion will be denied because it was filed in violation of the terms of his plea agreement.

Denial of the Motion is also appropriate in light of the parties' negotiated plea agreement.  The Court accepted the Rule 11(c)(1)(C) plea agreement, thereby indicating that, in light of the section 3553(a) factors, the Court believed that the parties' 11(c)(1)(C) plea agreement was appropriate.  By accepting the agreement, the Court was legally bound to

impose a term of imprisonment of 36 months.[1]  Thus, the parties entered into a bargained-for contract, accepted by the Court, and both sides expected the agreement would be enforced. "While the Court may have the authority to upset a carefully crafted and approved bargain," it declines to do so in this case.  *United States v. Starkey*, No. 2:14-CR-90-NR, 2022 WL 5169824, at *1 (W.D. Pa. Oct. 5, 2022).

Accordingly, the Court denies Defendant's Motion.


AND NOW, this 30th day of January 2024, it is hereby ORDERED that Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(C)(2), ECF No. 59, is DENIED.


s/*Marilyn J. Horan*
United States District Judge

---

[1] Were the Court to accept the reduced guideline range of 33 to 41 months, it would still find that a sentence of 36 months is appropriate.  As the government points out, the 36-month agreed-to sentence was not only below the guideline range applicable to Mr. Portis when he was sentenced, but also the 36-month sentence is within the reduced guideline range of 33 to 41 months.  Thus, having determined that a 36-month sentence was appropriate in this case, such a sentence remains appropriate despite the reduced guideline range.